**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*  *973/645-2700*
*Newark, NJ 07102*

RJG/PL AGR

August 20, 2008

John D. Caruso, Esq.
Garces & Grabler, P.C.
20 Green Street
Newark, NJ 07102

    Re: <u>Plea Agreement with Andre Johnson</u>

Dear Mr. Caruso:

    This letter sets forth the plea agreement between your client, Andre Johnson and the United States Attorney for the District of New Jersey ("this Office"). This offer will remain open until September 15, 2008, and if an executed agreement is not received in this Office on or before that date, this offer will expire.

<u>Charge</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Andre Johnson to the one-count Indictment, Crim No.07-949 (SDW) that charges that defendant knowingly and intentionally distributed and possessed with intent to distribute 5 grams or more of a mixture or substance containing cocaine base, that is crack cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a) and (b)(1)(B). If Andre Johnson enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Andre Johnson for possessing with intent to distribute crack cocaine on or about January 20, 2007. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Andre Johnson may be commenced against him, notwithstanding the expiration of the limitations period after Andre Johnson signs the agreement.

Sentencing

The violation of 21 U.S.C. Sections 841(a) and (b)(1)(B) to which Andre Johnson agrees to plead guilty carries a statutory maximum prison sentence of forty years imprisonment, and a mandatory minimum prison sentence of five years, and a statutory maximum fine equal to the greatest of: (1) $2,000,000, or (2) twice the gross profits or other proceeds to Andre Johnson. Fines imposed by the sentencing judge may be subject to the payment of interest.

Theسentence to be imposed upon Andre Johnson is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Andre Johnson ultimately will receive.

Further, in addition to imposing any other penalty on Andre Johnson the sentencing judge: (1) will order Andre Johnson to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Andre Johnson to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Andre Johnson pursuant to 18 U.S.C. § 3555, to give notice to any victims of him offense;(4) may deny Andre Johnson certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and (5) pursuant to 21 U.S.C. § 841, must require Andre Johnson to serve a term of supervised release of at least 5 years, which will begin at the expiration of any term of imprisonment imposed. Should Andre Johnson be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Andre Johnson may be sentenced to not more than 3 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Additionally, if at the time of sentencing the United States is satisfied that the five enumerated characteristics set forth in 18 U.S.C. § 3553(f)(1)-(5) apply to Andre Johnson and him commission of the charged offense, the United States will

make such a representation to the sentencing court and will recommend that the sentencing court impose a sentence pursuant to the applicable Sentencing Guidelines without regard to any statutory minimum sentence.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Andre Johnson by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Andre Johnson activities and relevant conduct with respect to this case.

Stipulations

This Office and Andre Johnson agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Andre Johnson from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

- 3 -

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Andre Johnson waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Andre Johnson. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against Andre Johnson.

No Other Promises

This agreement constitutes the plea agreement between Andre Johnson and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: R. JOSEPH GRIBKO
Assistant U.S. Attorneys

APPROVED:

Margaret Ann Mahoney, Chief
Violent Crimes Unit

- 4 -

      I have received this letter from my attorney, John D. Caruso, Esq., I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_Andre Johnson_            Date: 9/9/08
Andre Johnson

_John D. Caruso_           Date: 8/21/08
John D. Caruso, Esq.
_John D. Caruso_                    9/9/08.

<u>Plea Agreement With Andre Johnson</u>

<u>Schedule A</u>

1. This Office and Andre Johnson recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Andre Johnson nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Andre Johnson within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Andre Johnson further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2007, applies in this case. The applicable guideline is U.S.S.G. § 2D1.1.

3. The offense involved at least 20 grams but less than 35 grams of cocaine base or "crack cocaine." This results in a Base Offense Level of 26. <u>See</u> U.S.S.G. § 2D1.1(c)(7).

4. Within the meaning of § 5C1.2(a)(2), Andre Johnson did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense.

5. Within the meaning of § 5C1.2(a)(3), the offense did not result in death or serious bodily injury to any person.

6. Within the meaning of § 5C1.2(a)(4), Andre Johnson was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the Sentencing Guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

7. As of the date of this letter, within the meaning of § 5C1.2(a)(5), Andre Johnson has truthfully provided to the Government all information and evidence that Andre Johnson has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan.

8. Whether Andre Johnson meets the criterion set forth in subdivision (a)(1) of § 5C1.2 has not yet been determined.

- 6 -

*[Handwritten annotations:]*
26
- 3 Accept.
- 2 SafetyValve
[21] CHG-I
37-46

9. As of the date of this letter, Andre Johnson has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Andre Johnson's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

10. As of the date of this letter, Andre Johnson has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If Andre Johnson enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Andre Johnson's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Andre Johnson will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

11. In accordance with the above, the parties agree that: (a) if the Court finds, pursuant to U.S.S.G. § 5C1.2, that Andre Johnson meets the criteria in 18 U.S.C. § 3553(f)(1)-(5), Andre Johnson will be entitled to a 2-point reduction in his offense level pursuant to U.S.S.G. § 2D1.1(b)(9), with the result that the total Guidelines offense level applicable to Andre Johnson will be 21; and (b) otherwise, the total Guidelines offense level applicable to Andre Johnson will be 23 (collectively, the "agreed total Guidelines offense level").

12. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

13. Andre Johnson knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from a total Guidelines offense level of 23. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the

Guidelines range that results from a total Guidelines offense level of 21. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

14. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.